531 So.2d 544 (1988)
Ignatius CURRERA, Jr. and Tina M. Giovanetti, Natural Parents of the Minor Child, Brandi Renee Giovanetti
v.
Alvin Scott LOYD and Protective Casualty Insurance Company.
No. 88-CA-193.
Court of Appeal of Louisiana, Fifth Circuit.
August 29, 1988.
Harry A. Burglass, Metairie, for plaintiffs-appellants.
Marshall G. Weaver, Joseph P. Henican, III, Henican, James & Cleveland, Metairie, for defendant-appellee Protective Cas. Ins. Co.
Before KLIEBERT and WICKER JJ., and LOUMIET, J. Pro Tem.
KLIEBERT, Judge.
This tort action arises from the kidnap, rape and murder of a three-year-old girl. The victim's parents sued the perpetrator, Alvin Scott Loyd, defendant, and his automobile liability insurer, Protective Casualty Insurance Company, co-defendant. Summary judgment was rendered in the insurer's favor because the policy issued to the perpetrator did not provide coverage for the acts which caused the complained-of injuries. The plaintiffs appealed. For the reasons assigned we affirm the judgment of the trial court.
On the evening of April 26, 1981 Tina Giovanetti and her three-year-old daughter accepted Loyd's offer of a ride home in his pick-up truck. When they arrived at the residence Loyd drove off before Giovanetti could remove her daughter from the truck. After driving to a remote location in St. *545 John the Baptist Parish Loyd raped the child and drowned her in a ditch. Giovanetti and the child's father, Ignatius Currera, Jr., filed a civil suit against Loyd and his automobile liability insurer for the recovery of damages suffered by themselves and the child as a result of the kidnap, rape and murder.
The insurer moved for a summary judgment based on the contention the policy issued to Loyd did not provide coverage for intentional acts. Initially the plaintiffs contended Loyd's ability vel non to form the intent to commit the acts was an unresolved factual issue which precluded summary judgment. The trial court held a ruling on the motion in abeyance, pending the disposition of criminal charges against Loyd.
Ultimately, Loyd was convicted of first degree murder.[1] Thereafter, in a supplemental memorandum, the insurer advanced a second ground to support its motion for summary judgment, i.e., the conduct of the insured complained of by plaintiffs did not arise out of the use of the pick-up truck; hence, the policy provided no coverage. Based on this latter ground, the trial court granted summary judgment and thus dismissed plaintiffs' suit against the insurer.
Under the automobile liability policy at issue here, the insurer was obligated with Loyd (up to policy limits) for amounts Loyd should become legally obligated to pay as damages because of "bodily injury ... caused by a car accident and suffered by any person." A car accident is defined in the policy as "... an unexpected and unintended event that causes bodily injury or property damage and arises out of the ownership, maintenance or use of a car or other motor vehicle." The trial court, in its reasons for judgment, framed the issue as follows:
"... whether the alleged acts of ... Lloyd ... in kidnapping, raping and murdering plaintiffs' daughter were events related to `use' of the insured pick-up truck, and therefore within the coverage of the insurance policy written to Loyd by Protective."
This court interpreted a similar "arising out of use" provision of an insurance policy in Lucey v. Harris, 490 So.2d 416 (5th Cir.1986) writ denied 496 So.2d 327-28 (La. 1986), and in support of its ruling that the use of a taxicab was only incidental to the injuries sustained by a plaintiff and therefore no coverage existed under an automobile liability policy, said at pages 419-20:
In Carter v. City Parish Government, Etc., 423 So.2d 1080, 1087 (La.1982), the Louisiana Supreme Court stated that "the arising-out-of use provision is designed to limit coverage to liability resulting from conduct of the insured which constitutes both a use of the vehicle and a legal cause of the injury." As explained in Carter, supra, the issues of legal cause and use of the vehicle are distinct issues which must be addressed separately to determine the applicability of the "arising-out-of" provision. The court noted that the issue of the vehicle's use may be a more difficult question to answer when the complained of conduct is not the defendant's actual operation of the vehicle.
The Carter holding evolved from three previous Supreme Court decisions; Fertitta v. Palmer, 252 La. 336, 211 So.2d 282 (1968); LeJeune v. Allstate Insurance Co., 365 So.2d 471 (La.1978); and Picou v. Ferrara, 412 So.2d 1297 (La. 1982). From this quartet of Louisiana Supreme Court cases the process of resolving the use issue can be extracted. The duty/risk analysis is utilized to determine whether the insured's conduct is a legal cause of the accident, and if so, then it must be determined whether the harm arose out of the use of the vehicle. In order to answer the question of whether the injury arose from the use of the vehicle, the automobile must be essential to the theory of liability. If the duty breached by the insured flows from the use of the vehicle, then liability exists under the "arising out of provision", but if it is independent of the use of the automobile, then no liability arises from the automobile's use. McKenzie, Automobile *546 Liability Insurance-Use, 44 La. L.R. 365 (1983). Fertitta, supra, LeJeune, supra, Picou, supra. Fertitta and subsequent cases require a common sense approach to the determination of the use question. See Tolleson v. State Farm Fire and Casualty Company, 449 So.2d 105 (La.App. 1st Cir.1984) writ denied 450 So.2d 968 (La.1984); Johns v. State Farm Fire and Casualty Company, 349 So.2d 481 (La.App. 3rd Cir.1977).
Although Loyd used the truck to effect his getaway with the victim, and may have raped the victim in the truck, neither the victim's nor her parents' injuries arose out of the "use" of the truck. The injuries were caused by Loyd's violation of criminal statutes unrelated to the use of the truck. Kidnapping, rape and murder are neither activities flowing from the use of a vehicle nor reasonable and natural consequences of the use of a vehicle. Thus, the trial court correctly concluded no coverage existed under the insurance policy because the injuries complained of did not arise out of the "use" of the pick-up truck.
Accordingly, the judgment of the trial court is affirmed. All costs are cast against appellants.
AFFIRMED.
NOTES
[1] State v. Loyd, 459 So.2d 498 (La.1984) appeal after remand 489 So.2d 898 (La.1986).