STOKER, Judge.
While seated in his insured vehicle, Green Johnson Jr. shot and killed Mason E. Reeks who was seated in a vehicle insured by the same insurer. Judith S. Reeks, widow of the victim, and Jeannie Reeks, daughter of the victim, brought suit to recover damages for the shooting death of Mason E. Reeks. They named as defendants: (1) Greene Johnson, Jr., the alleged tortfeasor, and (2) State Farm Mutual Automobile Insurance Company (State Farm), the uninsured motorist carrier for the Reeks vehicle, and also the liability carrier for the Johnson vehicle.
PROCEDURAL POSTURE OF THE CASE
State Farm filed a motion for summary judgment contending that coverage under both policies was precluded because (1) Mason Reeks’ injuries and death did not arise out of the use of a vehicle; and (2) Greene Johnson, Jr.’s act of discharging the pistol was intentional and not accidental within the meaning of the policies.
The trial court granted State Farm’s motion, concluding that Mason Reeks’ injuries did not arise out of the use of a vehicle, nor were they the result of an accident. Judith Reeks and Jeannie Reeks appeal from this determination[1]. We affirm.
We pretermit a determination on the issue of whether Johnson’s act was intentional or accidental because we find that coverage is precluded as a matter of law since the injuries complained of did not arise out of the use of a vehicle.
Summary judgments are not favored, and any doubt must be resolved against granting the summary judgment. Jewell v. Thompson, 386 So.2d 689 (La.App. 3rd Cir.1980), writ denied, 393 So.2d 746 (La.1980). A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. L.S.A.-C.C.P. Art. 966; Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981).
FACTS
The facts before the court material to the issue of whether the injuries sustained arose out of the use of a vehicle are not in dispute.
On the morning of December 30, 1986, while driving to work, Johnson spotted his wife, Beatrice Johnson, riding in a jeep with Mason Reeks.
Having recently discovered that his wife and Mason Reeks had been having an affair since 1984, Johnson wished to speak to his wife. Therefore, Johnson followed them and signaled for them to pull over. Johnson then pulled up alongside of the jeep, pulled out a .22 caliber pistol which he found in the automobile (he testified in deposition that he thought he saw a weapon in the Reeks jeep pointed at him), and fired through his right passenger window into the Reeks jeep. The bullet struck Reeks, severely injuring him; Reeks ultimately died from this injury.
The automobile liability policy on the Johnson vehicle provides that State Farm will:
“1. pay damages which an insured becomes legally liable to pay because of:
a.) bodily injury to others ... caused by accident resulting from the ownership, maintenance or use of your car ...” “SECTION I — LIABILITY—COVERAGE A”.
Similarly, the uninsured motorist coverage on the Reeks vehicle provides: “We will pay damages for bodily injury an *4 insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle.” “SECTION III UNINSURED MOTOR VEHICLE — COVERAGE U”.
OPINION
The supreme court in Carter v. City Parish Government of East Baton Rouge, 423 So.2d 1080 (La.1982), explained that “arising out of use” provisions are designed to limit coverage to liability resulting from conduct of the insured which constitutes both a use of the vehicle and a legal cause of the injury. The court articulated a two prong test to be used in determining whether an injury arose out of the use of a vehicle: (1) was the conduct of the insured of which the plaintiff complains a legal cause of the injury; and (2) was it the use of the automobile? The two questions must be approached separately.
In Carter, the intoxicated driver of an automobile drove his automobile into water near a flooded underpass, ignoring a barricade closing the highway. The court concluded that insurance coverage existed for the drowning death of a passenger because the negligent operation of the automobile was both the legal cause of the passenger’s death as well as a use of the automobile.
McKenzie and Johnson summarize the law on the subject as it crystalized in a string of cases concluding with Carter. Louisiana Civil Law Treatise, Vol. 15, Louisiana Law and Practice, § 65. These authors state that from the jurisprudence they review the following two-step process can be gleaned:
“Through the duty-risk analysis, it must be determined whether the insured’s conduct of which the plaintiff complains is a legal cause of the accident. If so, then it must be determined whether that conduct rose out of the use of a vehicle. In order for the conduct to arise out of use, the automobile must be essential to the theory of liability; the specific duty breached by the insured must flow from use of the automobile. If the specific duty breached by insured existed independently of the automobile, then liability does not arise out of use even though the duty could have been performed by use of an automobile. In the final analysis, common sense must be utilized in making the often difficult determination whether use of the automobile is an essential ingredient of the duty breached by the insured.”
In Topole v. Eidson, 464 So.2d 406 (La.App. 1st Cir.1985), the court applied the Carter test in a suit for damages for injuries sustained in an accidental shooting. The court concluded that the discharging of a pistol while standing in the back of a pick-up truck did not constitute a use of the truck for insurance coverage purposes. The court affirmed the trial court’s dismissal of the insurers, explaining that the plaintiffs’ injuries were not caused by the tortfeasor’s standing in the truck, but by his discharging of the pistol.
Similarly, in Currera v. Loyd, 531 So.2d 544 (La.App. 5th Cir.1988), the court applied the Carter test in a suit for damages for injuries sustained in the kidnapping, rape, and murder of the plaintiffs’ three year old daughter. Affirming the trial court’s dismissal of the defendant’s insurer on summary judgment, the court explained that the injuries suffered by the victim and her parents were caused by the defendant’s violation of a criminal statute, and not by use of the truck, although the defendant may have used the truck to effect his getaway and may have raped the child in the truck.
Applying the Carter test to the case set before us, we hold that the trial court correctly concluded that no coverage existed under the insurance policies in question because the injuries complained of did not arise out of the use of Johnson’s automobile. Under a duty-risk analysis the act of Johnson in discharging the pistol was the cause-in-fact of Reeks’ injury and death. However, the duty which Johnson breached, shooting Reeks, did not flow from the use of the automobile Johnson was driving. The duty not to shoot Reeks existed independently of the use of the automobile. The mere simultaneous concurrence of the *5 liability creating conduct and the use of the vehicle was insufficient to invoke coverage.
CONCLUSION
Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are assessed against appellants, Judith Reeks and Jeannie Reeks.
AFFIRMED.

. Defendant Greene Johnson, Jr. filed a brief in this court of appeal and urges that the judgment of the trial court be reversed. The record does not contain any filing or minute entry showing that he appealed.