CANNELLA, Judge.
Plaintiffs, Aliska Jones and Charlotte Watkins, appeal from a summary judgment in favor of defendant, State Farm Automobile Insurance Company (State Farm), the Uninsured/Underinsured Motorist (UM) insurer of Jones. We reverse and remand.
This claim arose from an alleged automobile accident on July 24, 1990 which occurred when the vehicle driven by Jones, in which Watkins was a passenger, was struck in the rear by an eighteen-wheel truck driven by defendant, Carlos Bickham. Plaintiffs allege that Bickham and they exited their vehicles and exchanged addresses and insurance information. Because Bickham appeared trustworthy, plaintiffs’ assert that they did not report the accident to the police. They later were unable to locate him.
Plaintiffs subsequently filed suit against State Farm, Bickham and his unknown insurer. State Farm filed a Motion for Summary Judgment, denying coverage, on the basis of a provision in its policy requiring the insured to obtain a police report within 24 hours of a “hit and run” accident. State Farm submitted excerpts from the plaintiffs’ depositions to show that neither plaintiff reported the accident to the police. It also attached an exhibit which shows the policy coverage limits. However, neither the insurance policy nor the exact provision were attached to support State Farm’s contention.
Plaintiffs assert that the provision is against public policy because it denies them an opportunity to discover the tort-feasor by private investigation. Further, they assert that it violates the intent of the UM statute to protect innocent victims from the acts of uninsured/underinsured motorists. See: La.R.S. 22:1406. State Farm contends that the provision is not against public policy, asserting that it protects an insurer from fraud and an insured by providing for reliable and thorough investigation through police technology.
A motion for summary judgment is properly granted under La.C.C.P. art. 966 only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.
Whatever the merit of the parties’ arguments, we have reviewed the record and find that the evidence does not support the motion. The policy of insurance is referred to in the memorandum in support of the Motion for Summary Judgment and a copy of the limits of the policy are attached. However, neither the policy nor the particular provision are in the record. Although it may be that the provision would be upheld, a limitation on coverage must be clearly and expressly set forth to be valid. Thibodeaux v. Doe, 602 So.2d 1076, 1079; See also: McBride v. R.F. Kazimour Transp., Inc., 583 So.2d 1146 (La.App. 4th Cir.1991); Kellams v. Oliver, 595 So.2d 331, 332 (La.App. 3rd Cir.1992), writ denied, 596 So.2d 556 (La.1992).
*147 In this ease, State Farm failed to prove the existence of the provision upon which the denial of coverage is based, much less that it expresses the alleged requirement clearly, or that the insured herein failed to meet the requirement. Arguments in brief are not evidence of a fact and mover has a burden of proving the non-existence of a material fact. See: Smith v. Estrade, 589 So.2d 1158, 1160 (La.App. 5th Cir.1991). While we recognize that State Farm proved a report was not sought by plaintiffs through deposition excerpts, there was nothing to prove that the policy requires a police report within 24 hours of a hit and run accident. Additionally, even should the policy contain the appropriate claimed provision, this court does not feel that State Farm proved that the alleged facts herein necessarily fall within the definition of a “hit and run accident”. Since State Farm failed to meet its burden of proof, we reverse the summary judgment and remand for further proceedings.
Accordingly, we hereby reverse the summary judgment. The case is remanded for further proceedings.
Costs of appeal are to be paid by appel-lee.

REVERSED AND REMANDED.