CANNELLA, Judge.
Defendant, Michael Touby, appeals from a partial summary judgment dismissing his re-conventional demand for ten percent of the stock of plaintiff, Figueroa International, Inc. (Figueroa). We reverse, finding that there are material fact issues in dispute and Figueroa is not entitled to judgment as a matter of law.
Touby and Figueroa entered into a verbal employment agreement in July, 1988. Touby worked for the company for several years and, upon his leaving, Figueroa sued him for $9,400, allegedly owed on loans. Touby reconvened for unpaid salary, commissions and the value of ten percent of the company’s *1355 stock. Touby asserts that Figueroa increased his salary in 1990 from $1,200 to $1,900 per month plus 4% of gross sales and “an oral promise of 10% of the stock of the company to be redeemed by Figueroa International, Inc. at such times as Michael Touby should leave his employment ...”
Figueroa answered, denying the allegations and on October 12, 1992 filed a motion for partial summary judgment. Attached to the motion was an affidavit by the company President, Gregory Figueroa, denying that there was any agreement relative to the stock. In its memorandum in support of the motion, Figueroa argued that, if such an agreement existed, it was unenforceable because the Commercial Laws-Investment Securities, La.R.S. 10:8-101 et seq., does not permit oral agreements to sell stock. La. R.S. 10:8-319. In Touby’s opposition, he argued that the statute allows oral agreement if there has been “payment” or “delivery”. Along with his memorandum in opposition, Touby attached an affidavit restating his claims.
The hearing on the motion was held November 12, 1992 and the trial judge granted the partial summary judgment on November 16, 1992.
On appeal, Touby asserts that Figueroa is not entitled to judgment by law and that there are material issues in dispute, both of which require this court to reverse the summary judgment. He made two arguments. First, he contends that the oral agreement substituted the stock in exchange for services and that services can be payment under the statute. He notes that the Louisiana Business Corporation law expressly allows stock to be exchanged for services rendered in the past. La.R.S. 12:52. Second, Touby asserts that there is no evidence that the stock falls within the ambit of R.S. 10:8-319, because under R.S. 10:8 — 102(l)(a) and. 102(l)(b) the statute is only applicable to stock of a type common in securities exchanges or markets. He asserts that Figueroa failed to show that these stocks meet this criteria. Thus, the Civil Code provisions apply, in which case an oral agreement to transfer stock is valid. Touby cites C.C. arts. 473 (Incorporeal Movables), 1759 (Good Faith), 2441 (Verbal sale of movable), 2449 (Corporeal and incorporeal things), 2456 (Completion of contract by agreement as to object and price), 2457 (Sales on condition or of alternative objects), and 2463 (Earnest money, effect).
Figueroa responds by asserting that there was no such agreement, a material issue of fact in dispute. However, it also contends that the law is in its favor, regardless. Thus, the summary judgment is proper. In this respect, Figueroa argues that R.S. 10:8-319 applies, citing Morris v. People’s Bank and Trust Co., 580 80^^1037 (La.App. 3rd Cir. 1991), which requires a writing under the a Statute of Frauds provisions contained in La.R.S. 10:8-319 and applies to the transfer of any stocks. Figueroa also asserts that the statute, while not defining “payment”, should be interpreted to exclude services as payment.
Under La.C.C.P. art. 966, a motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. It is not a substitute for trial and reasonable doubt as to the propriety of the judgment should be resolved against the mover, in favor of a trial on the merits. Smith v. Estrade, 589 So.2d 1158 (La.App.5th Cir. 1991).
In determining whether a summary judgment is appropriate, the court must look to the substantive law applicable to the case. Smith, 589 So.2d at 1160. The burden of proof is on the mover to establish that there are no genuine issues of material fact and that mover is entitled to judgment as a matter of law. See: Smith, 589 So.2d at 1160; see also: Jones v. Bickham, 617 So.2d 145 (La.App.5th Cir.1993).
La.R.S. 10:8-102 provides in part as follows:
“(1) In this Chapter unless the context otherwise requires:
(a) A “certificated security” is a share, participation, or other interest in property of or an enterprise of the issuer or an obligation of the issuer which is
*1356 (i) represented by an instrument issued in bearer or registered form;
(ii) of a type commonly dealt in on securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in an a medium for investment; and
(iii) either one of a class or series or by its terms divisible into a class or series of shares, participation, interests, or obligations.
(b) An “uncertificated security” is a share, participation, or other interest in property or an enterprise of the issuer or an obligation of the issuer which is
(i) not represented by an instrument and the transfer of which is registered upon books maintained for that purpose by or on behalf of the issuer;
(ii) or a type commonly dealt in on securities exchanges or markets; and
(iii) either one of a class or series or by its terms divisible into a class or series of shares, participation, interests, or obligations.
(c)(i) A “security” is either a certificated or an uncertificated security. If a security is certificated, the terms “security” and “certificated security” may mean either the intangible interest, the instrument representing that interest, or both, as the context requires.”
Prior to 1978, all stock transfers were regulated by the Uniform Stock Transfer Law — La.R.S. 12:621 et seq. In 1978 Chapter 8 of Title 10 of the Louisiana Revised Statutes of 1950 was enacted to replace the Uniform Stock Transfer Law and La.R.S. 12:621 to 12:643 and 12:651 (related to clearing corporations) were repealed. The replacement is entitled “Commercial Laws— Investment Securities”. It was intended to bring Louisiana into harmony with the other states. The new enactments were intended to promote the transferability of securities “by establishing minimum requirements of certainty and reliability in connection with contracts for the sale of securities”. Morris v. People’s Bank and Trust Co., 580 So.2d 1037 (La.App.3rd Cir.1991). La.R.S. 10:8-319, at issue herein, is the “Statute of Frauds” provision.
The Statute of Frauds requires that the contract be in writing, unless there has been “payment”, confirmation or admission by the other party. Payment is not defined, but the Louisiana Corporation Laws permits stock to be given in payment for past services. See: La.R.S. 12:52.
Figueroa would have the court restrict the definition of “payment” to money or fungible items per La.C.C. arts. 2439, 1834 and 1864, comment (b). However, we do not agree that such was the intent of the legislature in enacting the Statute of Frauds. Limiting the definition of payment, as urged by Figueroa, would hamper business and does not align with the general law of corporations in Louisiana. Furthermore, an offer to pay stock in exchange for services can be construed as payment of money because of the reduced salary given in exchange for the stock.[1] Therefore, we find “payment” under the Statute of Frauds may include compensation for past services which removes the written requirement of the agreement.
In this ease, Touby asserts that he is entitled to the stock in payment for past services, whereas Figueroa contends that no agreement was made. These assertions raise a disputed issue of material fact which precludes summary judgment.
Although the question of the contract for payment of services raises a factual issue precluding summary judgment, for the sake of judicial economy, we will also address the question raised by Touby of whether the Figueroa must prove that the stock meets the requirements of La.R.S. 10:8-102. That provision requires that the security must be of a type commonly dealt in on securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in as a medium for investment to be a “certificated” security and of a type commonly dealt in on securities exchanges or mar *1357 kets to be an uncertificated security. R.S. 10:8 — 102(l)(a)(ii) and (l)(b)(ii). The court cannot take cognisance of matters which may or may not be well known in the world of securities. Without evidence of whether the stocks meet the criteria, it cannot impose the requirements of the statute. Consequently, we find that evidence that the stock falls within the ambit of R.S. 10:8-102 must be produced by the party seeking to utilize the benefits of the statute.
Neither the documentation produced by Figueroa in support of its motion for summary judgment nor the record discloses any evidence of whether the stock at issue meets the requirements of R.S. 10:8-102. Thus we reverse the summary judgment on this basis, as well.
Accordingly, the summary judgment granted by the trial judge is hereby reversed and the case is remanded for further proceedings.
Costs of this appeal are to be paid by appellee.
REVERSED AND REMANDED.

. Note that this is not a question of stock option where the offeree may exercise the option to purchase stock at a given point in time.