GOTHARD, Judge.
This appeal is from a summary judgment dismissing the plaintiff’s claim in a tort suit.
The plaintiff, Dwight Ballard, is employed by Avondale Shipyards as a sheet metal worker. He filed suit on June 28, 1991 against Ronald D. Lambert and Lambert’s insurer, Allstate Insurance Company, alleging the following: that on the morning of July 27, 1990 he and a co-worker were walking into Avondale Shipyards near gate, 46; and that a van driven by Ronald D. Lambert suddenly stopped to let some passengers off and then backed up into him, causing injuries to his neck, arm, and shoulder.
The defendants answered the suit, denying having hit the plaintiff and asserting as a defense the exclusivity of the Worker’s Compensation Act. On October 12, 1992 the defendants filed an exception of no cause of action, followed on November 10, 1992 by an alternative motion for summary judgment.
Trial had been set for December 9, 1992. The motion for summary judgment was heard over the objection of the plaintiff, who was present with witnesses and prepared to go to trial. The court granted summary judgment and stated from the bench:
“... [Ijt’s a close question. But I think at this time, the Court finds that the plaintiff was within the course and scope of his employment. And it’s ruled that his claim should be limited to a claim under the Worker’s Compensation Act.”
The defendants filed the only documentary evidence, the depositions of Ballard and Lambert submitted with the exception of no cause of action.
The plaintiff opposes summary judgment on the basis of the following errors of the trial judge: 1) her applying the Louisiana Worker’s Compensation Act rather than the Longshoreman and Harbor Worker’s Compensation Act (LHWCA) to an accident allegedly involving an Avondale Shipyards em *10 ployee; 2) her finding that the plaintiff was in the course and scope of his employment at the time of the accident; and 3) her granting summary judgment based on the plaintiffs and defendants’ depositions.

Longshoreman and Harbor Worker’s Compensation Act (LHWCA)

The plaintiff complains that the trial court “made no factual inquiry into the LHWCA’s applicability despite the contention that plaintiffs accident centered around the issue of his employment with Avondale Shipyards as a sheet metal worker who installs ventilation systems in ships and that the injury occurred while plaintiff was on his way to work at Avondale Shipyards.... ” Nowhere in the record does the plaintiff make any allegation of coverage under LHWCA, although the defendant raised as a defense the exclusivity of the Louisiana Worker’s Compensation Act in their answer and in their memorandum in support of the exception of no cause of action.
Under La.C.C.P. art. 2164, the scope of review on appeal is limited to the contents of the record as lodged in the appellate court. Accordingly, we do not consider this assignment of error.

Course and scope of employment

The plaintiffs arguments on whether he was in the course and scope of his employment at the time of the accident are made with the assumption that LHWCA standards apply. Consequently, we are unable to consider them.
The recent case of Mundy v. Dept. of Health & Human Resources, 593 So.2d 346 (La.1992), contains a detailed discussion of the issues of employers’ tort immunity under LSA-R.S. 23:1032 and whether an accident has arisen out of and in the course of employment under LSA-R.S. 23:1031. The court explained, at 349:
An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer’s premises or at other places where employment activities take the employee. Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932); W. Malone & H. Johnson, 13 Louisiana Civil Law Treatise—Worker’s Compensation § 161 (2d ed. 1980). While coverage has been extended in some cases to include accidents during times for rest or lunch periods or before and after work on the employer’s premises, or to include accidents at places where employment duties are performed off the employer’s premises, the principal criteria for determining course of employment are time, place and employment activity.
The employer seeking to avail himself of tort immunity has the burden of proving entitlement to immunity.
The plaintiff testified in his deposition that he had parked his car in the employee parking lot, for which no check-in was required, and was walking with a co-worker toward an entrance gate to the shipyard. He explained:
After I parked my car and I was walking toward the main gate, Gate 34, I’m not sure if that’s the correct one, when I got right before the yard shack, the van was parked halfway in the yard and halfway out of the gate. As I was walking towards ... to go in the gate, he just backed up. He didn’t look back. He just backed straight back and backed up and he hit me with the car ... It was very unusual for him to back out of the gate because no one ever backs out of the gate because you are supposed to go all the way around and go to Personnel. What he did was, he backed up and parked in the lot. When I told him he hit me, he said that I should have moved out of his way....
Lambert’s deposition states that he remembered “yelling, screaming and cursing going on” but did not remember backing up. He stated that he got out of the van outside the entrance gate, preparing to go into the yard, when Ballard told him he had hit him.
The defendants assert in their brief that for the purposes of summary judgment they do not dispute the plaintiffs allegation that Lambert backed into him, and that there is no dispute that both Ballard and Lambert were in the lot at the entrance gate, ready to punch in. The defendants argue that they are entitled to summary judgment as a matter of law because the accident arose *11 out of and in the course of employment of the two men.
The defendants base their opposition upon exceptions to the rule that an accident occurring while the employee is going to or returning from work does not occur in the course of the employment: The first exception is the case where an accident happened on the premises. Carter v. Lanzetta, 249 La. 1098, 193 So.2d 259 (1966). They argue that Ballard, having reached the premises, was acting in the course of his employment. The second situation is the occurrence of an accident on the way to or from work, at a place that has a special travel risk and that is immediately adjacent to, but not on, the employer’s premises. See discussion of the “threshold doctrine,” W. Malone & H. Johnson, 13 Louisiana Civil Law Treatise— Worker’s Compensation, § 169 (2d Ed.1980). We infer from plaintiffs brief that they consider the parking lot to have posed a special risk to the plaintiff when he walked to the gate.
Our review of the record indicates that there remains a question of material fact as to whether or not Dwight Ballard was within the course and scope of his employment at the time of the accident. Accordingly, summary judgment was not appropriate.
For the reasons assigned above, the judgment appealed from is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.