635 So.2d 1317 (1994)
Gustave B. BALDWIN, III
v.
Florieda B. GIBBENS.
No. 93-CA-1820.
Court of Appeal of Louisiana, Fourth Circuit.
April 14, 1994.
Robert H. Matthews, Jacqueline M. Daspit, DeRussy, Bezou & Matthews, New Orleans, for plaintiff/appellant.
Robert A. Kutcher, Nicole S. Tygier, Bronfin & Heller, New Orleans, for defendant-appellee.
Before SCHOTT, C.J., and CIACCIO and ARMSTRONG, JJ.
SCHOTT, Chief Judge.
This is a suit to enforce an alleged oral agreement by defendant to transfer ten percent *1318 of her stock to plaintiff. From a judgment sustaining an exception of no cause of action, plaintiff has appealed. The issue is whether plaintiff's allegations are sufficient to provide him with a legal remedy against defendant even though there was no written contract between them.
Plaintiff alleged as follows: In 1974, he was hired by Valentine Sugars, Inc., as Secretary-Treasurer of the company and was made President in 1982. In 1988, his contract of employment expired. At various times between 1979 and 1987 the defendant, who owned or controlled the majority of the shares of stock in the corporation, promised to transfer a ten percent ownership of the corporation from her personal holdings of stock to plaintiff because of the services he had rendered to the corporation as well as personal services for her. Plaintiff prayed for judgment awarding him the stock or the fair market value thereof.
In this court, the arguments revolve around the issue of whether defendant's promise to transfer the stock is enforceable as a matter of law though not in writing. Plaintiff cites Dupuy v. Riley, 557 So.2d 703 (La.App. 4th Cir.1990), writ denied 563 So.2d 878 which does indeed support his position. In that case this court, faced with a suit seeking ownership of stock based upon an oral agreement to transfer the stock, held at page 707:
Since the alleged oral agreement between Riley and Dupuy concerned the transfer of stock, a movable, there is no requirement that it be in writing....
However, in Morris v. People's Bank & Trust Co., 580 So.2d 1037 (La.App. 3rd Cir. 1991), the court, faced with a claim for breach of an oral contract to purchase securities, held that the contract was unenforceable because LSA-R.S. 10:8-319 required the contract to be in writing. This statute provides as follows:
R.S. 10:8-319 Statute of Frauds
A contract for the sale of securities is not enforceable by way of action or defense unless:
(a) there is some writing signed by the party against whom enforcement is sought or by his authorized agent or broker, sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price....
While there appears to be a conflict between these cases we are not required to resolve this conflict in the present case because we reach the same result as this court did in Dupuy and because we do not decide the present case on the basis of R.S. 10:8-319(a) as the Morris court did.
This case is before us on an exception of no cause of action. The law is settled that in considering such an exception only the allegations of fact in the petition are considered, they are presumed to be true, and all reasonable doubt is resolved in favor of the petitioner and against the exceptor. Even if the petition fails to state a cause of action but the grounds of the objection can be removed by amendment the plaintiff should be allowed to amend. C.C.P. art. 934. The application of applying these rules to the present case leads us to reverse the judgment of the trial court.
First, while R.S. 10:8-319(a) requires a writing for an enforceable agreement to transfer stock Subsection (b) of the statute does not require a writing to enforce delivery in the case where payment has been made. Figuerora Intern, Inc. v. Touby, 623 So.2d 1354, 1356 (La.App. 5th Cir.1993). In effect plaintiff alleges that defendant promised to make a renumerative donation to him of the stock. Unless the value of the stock exceeds by one-half the value of his services the applicable rules are those pertaining to sales. Victorian v. Victorian, 411 So.2d 473, 476 (La.App. 3rd Cir.1982). Thus, the present petition can be interpreted to mean that he made payment in the form of his services and he is now seeking delivery of the stock which defendant promised in exchange for those services.
Next, the petition does not exclusively seek delivery of the stock, but it alternatively *1319 seeks the market value of the stock. With this demand he states a cause of action without regard to the statute of frauds concerning transfer of stock.
Finally, the petition can be construed to plead a theory of estoppel against defendant based upon the fact that he continued working for the company from 1974-1988 and was motivated at least in part by defendant's promises from 1979-1987 to convey the stock to him. Again, he does not limit his demand to the stock but alternatively seeks its market value in satisfaction of his reliance on her promises.
If some of these interpretations of the plaintiff's pleadings do not clearly emerge from the pleadings as written they can be amended in accordance with C.C.P. art. 934.
Accordingly, the judgment appealed from dismissing plaintiff's case is reversed and set aside and there is judgment in favor of plaintiff overruling defendant's exception of no cause of action. The case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed against defendant with the assessment of other costs to await the outcome of the case.
REVERSED AND REMANDED.