jjDECUIR, Judge.
In this tort action arising from a work-related injury, the plaintiffs appeal from a summary judgment granted in favor of the defendant sustaining the statutory employer defense. For the reasons assigned below, we reverse the judgment of the trial court.

FACTS

Universal Equipment, Inc. was engaged in the business of fabricating oilfield equipment and high and low pressure vessels. It did not employ electricians and, therefore, contracted out its electrical repairs. On February 8,1993, one of three cranes used to hoist parts in Universal’s shop ceased operating. Universal contacted Patín Electrical Services to repair the crane.
_yScott Patín, a partner in Patín Electrical Services, responded to the call and went to Universal's shop to make the repair. While completing the electrical repair, Patín was knocked off a ladder by the swaying crane and was injured. Patín brought this suit alleging negligence on the part of Universal employees in causing the crane to sway.
The trial court granted summary judgment in favor of Universal finding that Universal was Patin’s statutory employer and, therefore, immune from suit in tort. Patín filed this appeal.

SUMMARY JUDGMENT

Summary judgment is designed to dispose of frivolous demands and defenses, however, it is only appropriate when there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. Schaefer v. Lynch, 406 So.2d 185 (La.1981). Appellate courts review the granting of a summary judgment de novo using the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992).
Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Verrett v. Cameron Telephone Co., 417 So.2d 1319 (La.App. 3d Cir.), writ denied, 422 So.2d 164 (La.1982). The burden of proof in a motion for summary judgment is on the mover to establish that there are no genuine issues of material fact. This burden is a great one. Summary judgments are not favored, and any doubt must be resolved against granting summary judgment. Reeks v. Johnson, 587 So.2d 2 (La.App. 3d Cir. 1991).
At issue in this case is whether the repair of a hoisting crane is integrally related to the “trade, business, or occupation” of Universal Equipment. The defendant relies heavily on the case of Dennis W. Moore v. Crystal Oil Co., 626 So.2d 792 (La.App. 2d Cir.1993), where in affirming a grant of summary 1 judgment, the court found that Crystal was the statutory employer of a welding service employee. The welder had been called out to repair a compressor which the court found to be necessary for the business of Crystal.
While we agree that the ease is factually analogous, we note that the supreme court granted writs and summarily reversed the second circuit noting that there were genuine issues of material fact as to whether the contract work was part of the principal trade, business or occupation. Dennis W. Moore v. Crystal Oil Co., 632 So.2d 758 (La.1994).
In the present case, genuine issues of material fact exist as to whether Universal’s business was dependent on the particular crane in question in light of the existence of *691 two others on sight. In addition, it is unclear whether the repair of the crane or the crane itself is integrally related to Universal’s “trade, business or occupation.” These disputed issues preclude defendant from being entitled to judgment as a matter of law. The trial court erred in granting summary judgment.
For the foregoing reasons, the judgment of the trial court is reversed. All costs of this appeal are taxed to appellee, Universal Equipment.
REVERSED.