CANNELLA, Judge.
12Plaintiff, Joel Blouin, appeals from a summary judgment dismissing his suit, with prejudice, for damages against defendant, Shell Oil Co. (Shell), because defendant is his statutory employer. We affirm.
In 1988 an explosion occurred at the Shell plant in Norco, Louisiana. Among other structures, the blast destroyed the catalytic cracker unit of the refinery. As a result, Shell contracted with KCI Constructors, Inc. (KCI) to reconstruct the catalytic cracker unit. Plaintiff was employed by KCI as a welder in the reconstruction of the unit. On March 4, 1992, plaintiff arrived for work at the Shell plant and walked through Gate 41 toward his job site. As he was walking, he tripped and fell over a piece of pipe protruding from the ground, allegedly suffering injuries to his head, neck, back and extremities. As a result of the fall, on October 23, 1992, plaintiff filed suit against Shell, KCI and the Kansas City Southern Railway Company. The railway and KCI were eventually ^dismissed. On May 17, 1994, Shell filed a motion for summary judgment alleging that it was the statutory employer of plaintiff. Plaintiff filed an opposition and both parties filed statements of “uncontested facts” pursuant to the trial court rules. The matter was heard on July 12, 1994. The hearing officer took the matter under advisement and judgment was rendered on October 5, 1994, granting the motion for summary judgment and dismissing plaintiffs case with prejudice.
On appeal, plaintiff argues that he is not the statutory employee of defendant. Plaintiff contends that the construction was not a part of Shell’s business and that the construction of the unit was from scratch. Thus, the welding that he was performing was not an integral part of defendant’s business as maintenance or repair. Alternatively, plaintiff argues that, if defendant is his statutory employer, plaintiff was not injured while in the course and scope of his employment because the fall occurred in a public place and while he was on his way to work. He contends that, if the risk of a trip and fall was *1120 not greater than for anyone else passing the area, the accident did not arise out of his employment with Shell. Plaintiff cites Mundy v. Dept. of Health and Human Resources, 593 So.2d 346 (La.1992) for this principle.
Defendant responds that under the amendment to La.R.S. 23:1061 in January of 1991, the test to determine statutory employer status is whether the work being performed by the employee is integrally related to the principal’s business. Defendant cites Hanks v. Shell Oil Company, (La.App. 5th Cir.1994); 631 So.2d 1189, 1194; reversed and remanded for trial on the merits, (La.1994), 635 So.2d 1118.[1] Here, it argues that the catalytic cracker unit was necessary to its operations. Thus, the work being ^performed by plaintiff was integrally related to defendant’s business.
Next, defendant contends that plaintiff waived his right to argue the question of whether or not he was in the course and scope of his employment because it was not raised by plaintiff in the trial court. Further, defendant asserts that plaintiff filed an “Uncontested Statement of Fact” document in opposition to the Motion for Summary Judgment which stated that he was in the course and scope of his employment at the time which the accident occurred. Alternatively, defendant argues that plaintiff was in the course and scope of his employment because he was on defendant’s premises. Defendant distinguishes Mundy because the injury there arose from a random act of violence which occurred on the employer’s property which was totally unrelated to the employment or the employee’s personal life.
STATUTORY EMPLOYER
La.R.S. 23:1032 provides that the workers compensation act is the exclusive remedy for injuries suffered by the employee in the course and scope of his employment, except for intentional torts. The statute defines “principal”, stating:
(2) For purposes of this Section, the word “principal” shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or oceupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
If defendant is a “principal”, then it is a statutory employer and immune from tort liability. Since there is no allegation of intentional tort, plaintiffs exclusive remedy would be for workers compensation. In Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986), the Louisiana Supreme Court set forth several factors to be considered in determining the statutory employer question. In 1991, La.R.S. 23:1061, which regulates the liability of principal contractors, was amended to exclude the factors set out in Berry. La.R.S. 23:1061 states as Isfollows:
A. When any person, in this Section referred to as the “principal”, undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person, in this Section referred to as the “contractor”, for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. The fact that work is specialized or nonspecial-ized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal’s direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal’s trade, business, or *1121 occupation, regardless of whether the principal has the equipment or manpower capable of performing the work. (Emphasis added)
B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.
Following the above amendment of R.S. 28:1061, the Louisiana First, Third, Fourth and Fifth Circuit Courts of Appeal and the United States Fifth Circuit Court of Appeals have held that Berry was legislatively overruled by the 1991 amendment. See: Hanks, 631 So.2d at 1194 and cases cited therein. As a result, the cases hold that we have returned to “a more liberal standard for principal tort immunity first enunciated in Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852 (La.1950)”. Hanks, 631 So.2d at 1194. In Hanks, this court further stated that under the Thibodaux standard, the test for statutory employer status is whether the work performed by the employee is “integrally related” to the business of the principal. Id. Although the Hanks case was reversed and remanded by the Louisiana Supreme Court, the reversal was based on the 16appropriateness of the summary judgment, not on the analysis of the law. As yet, the Louisiana Supreme Court has not yet addressed the issue of whether the courts of appeal have correctly decided that Berry was overruled by the amendment to the statute. Thus, since this court has held that Berry was legislatively overruled, we will analyze this summary judgment under the “integrally related” standard.
A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, together with affidavits, if any, show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Ellis v. Normal Life of Louisiana, (La.App. 5 Cir.1994); 638 So.2d 422, 424. It is not a substitute for trial and all doubts should be resolved 'against the mover in favor of a full trial on the merits. Penalber v. Blount, 550 So.2d 577, 583 (La.1989); Smith v. Estrade, 589 So.2d 1158, 1160 (La.App. 5th Cir.1991); Hanks, 631 So.2d at 1192. The question of whether or not summary judgment is proper is made with reference to the substantive law applicable to the case. Penalber, 550 So.2d at 583; Smith, 589 So.2d at 1160; Hanks, 631 So.2d at 1192.
The mover has the burden of proving that there are no genuine material issues of fact which would preclude the granting of the motion. Smith, 589 So.2d at 1160; Hanks, 631 So.2d at 1192. A fact is “material” if its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Smith, 589 So.2d at 1160; Hanks, 631 So.2d at 1192. Furthermore, a fact is “material” if it potentially insures or precludes recovery, if it affects the litigant’s ultimate success, or if it determines the outcome of the case. Penalber, 550 So.2d at 583; Smith, 589 So.2d at 1160; Hanks, 631 So.2d at 1192.
In this case, the relationship between defendant and the work being 17performed by plaintiff for his employer are not in dispute. KCI and plaintiff were doing construction work on one of defendant’s facilities on defendant’s premises. It is not whether KCI was a contractor and Shell is not in the business of construction that the court must consider, but whether plaintiff was performing welding on a building that is “integrally related” to defendant’s business or occupation. The construction may have been extraordinary, but under La.R.S. 23:1061, extraordinary construction by the principal, whether or not it is contracted to another to perform, is included in the workers compensation act. Thus, plaintiff is defendant’s statutory employee and we find that the trial judge did not err in that finding.
COURSE AND SCOPE OF EMPLOYMENT
When the employer seeks to avail itself of tort immunity under Section 1032, the employer has the burden of proving entitlement to immunity. Ballard v. Lambert, 624 So.2d 8, 10 (La.App. 5th Cir.1993). In *1122 Mundy v. Dept. of Health & Human Resources, 593 So.2d 346, 349 (La.1992), the Louisiana Supreme Court addressed the issues of employers’ tort immunity under La. R.S. 23:1032. In discussing whether the accident arose out of and occurred in the course of employment under La.R.S. 23:1031, the court stated:
An accident occurs in the course of employment when the employee sustains an injury while actively engaged in the performance of his duties during working hours, either on the employer’s premises or at other places where employment activities take the employee ... While coverage has been extended in some cases to include accidents during times for rest or lunch periods or before and after work on the employer’s premises, or to include accidents at places where employment duties are performed off the employer’s premises, the principal criteria for determining course of employment are time, place and employment activity.
The determination of whether an accident arises out of employment focuses on the character or source of the risk which gives rise to the injury and on the relationship of the risk to the nature of the employment. An accident arises out of employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment. .. Moreover, an accident |8has also been held to arise out of employment if the conditions or obligations of the employment caused the employee in the course of employment to be at the place of the accident at the time the accident occurred ... Thus, when the employee is squarely within the course of his employment, virtually any risk (whether an increased risk or not) has been considered as arising out of employment ...
The principal objective of the “arising out of employment ” requirement is to separate accidents attributable to employment risks, which form the basis of the employer’s obligation under the compensation system, from accidents attributable to personal risks, for which the employer should normally not be responsible ... The risks which have caused the greatest difficulty are those that have neither a particular employment character nor a particular personal character ...
This court has declined to view the “course of employment” and “arising out of employment” requirements as separate and unrelated concepts. Rather, this court has recognized the mutual interdependence of the two concepts in determining the relationship of the injury to the employment ... In a close case a strong showing of “course of employment” has been held to counterbalance a relatively weak showing of “arising out of employment.”... (Emphasis added)
Defendant asserts that plaintiff waived this issue because he admitted that he was in the course and scope of his employment in his statement of facts and because the trial judge did not rule on this issue. In Fisher v. River Oaks, Ltd., (La.App. 5 Cir. 1994); 635 So.2d 1209, 1214, this court discussed judicial admissions:
La.C.C. art. 1853 states:
A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
A judicial confession is indivisible and it may be revoked only on the ground of error of fact.
To constitute a judicial confession, the statement must be an express acknowl-edgement of an adverse fact. Jones v. Gillen, 564 So.2d 1274, 1279 (La.App. 5th Cir. 1990). The effect is to waive evidence as to the subject matter of the admission or to withdraw the matter from issue. Jones v. Gillen, at 1279. However, in order for these effects to be imposed, the other party must have | ¡¡detrimentally relied on the statement or was led to believe that the fact was not at issue. Jones v. Gillen, at 1279. Otherwise, the party is permitted to withdraw the statement. Jones v. Gillen, at 1279.
Plaintiffs statement is an admission. However, even assuming that he removed the matter from issue, there is no showing that defendant was prejudiced by plaintiffs arguing the matter on appeal. Furthermore, *1123 this arose in the context of a motion for summary judgment, as opposed to a trial on the merits and under La.C.C.P. art. 2164, we are empowered to review any legal point or theory in the case when the record contains the necessary evidence to determine the question. See: Lutz v. Jefferson Parish School Board, 503 So.2d 106, 110 (La.App. 5th Cir.1987). Here, the record contains all of the necessary information to rule on this issue.
The pleadings in this case show that plaintiff was on defendant’s premises when he was injured. Further, he was required to be where he was in order to perform his work. Although plaintiff argues that the public was exposed to the same risk because they were required to pass the area where he was injured to visit personnel employed by defendant, we conclude that the risk was greater for plaintiff who was required to be there every day. Thus, under the Mundy analysis, the injury arose out of his employment and plaintiff was within the course and scope of his employment at the time of the accident. Based on this finding, the trial judge did not err in finding that plaintiffs exclusive remedy is under the Louisiana Workers Compensation Act and in granting the summary judgment in favor of defendant.
Accordingly, the judgment of the trial court is hereby affirmed.
Costs of this appeal are to be paid by appellant.
AFFIRMED.

. The Louisiana Supreme Court reversed and remanded Hanks on the basis that there were genuine issues of material fact.