DOMENGEAUX, Chief Judge,
Dissenting.
I disagree with the majority’s option to decide this case based on the defendant’s *745 alternative argument, for the following reasons:
1) Occupancy in such a policy is an affirmative defense and must be specifically pleaded.
2) Even though plaintiff, upon cross, stated that no one lived in the house at the time of the fire and subsequent damages, an affirmative defense is a new matter not covered by the petition and which will defeat plaintiffs demands on the merits. The purpose of requiring a special pleading of an affirmative defense is to give fair notice and prevent surprise.
3) I do not consider, under the scenario presented, that the pleadings were enlarged.
The claim in this case is under a run of the mill fire and extended coverage insurance policy. The defendant insurance company at no time ever denied the claim based on non-occupancy. In fact, the defendant insurer actually issued a check to plaintiff for the approximate sum of $1,300, and the only reason that the case was not resolved then was because plaintiff felt that the damages were in a greater amount.
Instead of resolving this case based on defendant’s alternative claim, I feel that this case, purely and simply, should be decided on the fact that “occupancy” in such a policy is an affirmative defense and must be specifically pleaded. Non-occupancy is an exclusion in the policy. An exclusion in an insurance policy is an affirmative defense and must be specifically pleaded. Nippert v. Baton Rouge Railcar Services, 526 So.2d 824 (La.App. 1st Cir.1988), writ denied, 530 So.2d 84, 530 So.2d 87, 530 So.2d 91 (La.1988); Mashburn Agency, Inc. v. Universal Engineering & Supply, Inc., 451 So.2d 113 (La.App. 3d Cir.1984); Griffin v. Schwegmann Brothers Giant Supermarkets, 542 So.2d 710 (La.App. 4th Cir.1989); Willie v. American Casualty Company, 547 So.2d 1075 (La.App. 1st Cir. 1989), writ granted and remanded on other grounds, 553 So.2d 467 (La.1989), on remand, 576 So.2d 1023 (La.App. 1st Cir. 1991), writ denied, 584 So.2d 678 (La.1991).
An affirmative defense is a new matter not covered by the petition.
The purpose of requiring special pleading of affirmative defenses is to give fair notice and prevent surprise. An affirmative defense shall be specifically pleaded in the answer, La.C.C.P. Art. 1005.
I would affirm plaintiffs award of $3,500, plus attorney’s fees.
I respectfully dissent.