674 So.2d 434 (1996)
Lucius M. PENDLETON and the Travelers Insurance Company
v.
Elbert D. SMITH, Sr.
No. 95-CA-1805.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1996.
*435 James J. Morse, New Orleans, for Plaintiffs/Appellees.
Morton H. Katz, Steve Herman, Herman, Herman, Katz & Cotlar, New Orleans, for Defendant/Appellant.
Before CIACCIO, PLOTKIN and MURRAY, JJ.
CIACCIO, Judge.
We granted plaintiffs' application for rehearing in this vehicular collision case to consider the propriety of the trial court's judgment granting subrogation in favor of Travelers Insurance Co. and against defendant Elbert D. Smith, Sr. For the reasons stated herein, we affirm the trial court's judgment.
Lucius M. Pendelton and The Travelers Insurance Company ("Travelers") filed the instant suit against Elbert D. Smith, Sr. on June 7, 1994. Plaintiffs alleged that on June 11, 1993, Smith was operating a vehicle on Chef Menteur Highway at its intersection with Iroquois Street when Smith collided with a Buick owned by Lucius M. Pendelton and operated by Gloria Gibson. At the time of this accident, Travelers was the collision and uninsured motorist insurer of Pendelton, and both Pendelton and Gibson made claims under the Travelers' policy. Travelers paid $2,852.00 in property damages to Pendelton (who paid a $200.00 deductible), and $10,000.00 to Gibson for personal injuries suffered in the accident.
In their petition, plaintiffs alleged that Smith was solely at fault in causing the collision, and that Travelers was subrogated to the rights of recovery of Pendelton and Gibson against Smith. Pendelton sought recovery of his $200 deductible. Travelers sought recovery of the $12,852.00 it paid to Pendelton and Gibson. Following a trial on the merits, the trial court awarded both Pendelton and Travelers the sums sought.
Smith filed a devolutive appeal from the trial court's judgment. In this appeal, Smith asserted a single assignment of error:
The trial court erred in finding that legal subrogation has occurred in favor of an insurance company who failed to prove that it had a legal obligation to render performance to a party who was not an insured under the terms of the policy in question.
Smith does not assign as error nor does he present an argument regarding that portion of the judgment rendered in favor of Lucius Pendelton or the portion of the judgment rendered in favor of Travelers in subrogation of the property damage claim paid to Pendelton. That portion of the trial court's judgment will therefore not be considered. Uniform Rules of Louisiana Courts of Appeal, Rule 1-3.
In his brief to this court, Smith assigns as error only the portion of the judgment which awards judgment to Travelers for the sum paid in subrogation of Gibson's personal injury claim. The propriety of that portion of the judgment will be addressed herein.
Smith claims that Travelers is not entitled to legal subrogation because Travelers failed to prove "that Ms. Gibson was either the named insured, a family member of the named insured, or a person occupying a covered automobile with permission to do so."
*436 LSA-C.C. art. 1825 defines subrogation as "the substitution of one person to the rights of another," and provides that subrogation takes place by written contract or by operation of law. In the instant case, Travelers claims that Gibson is a third party who had a right to seek recovery of her damages against Smith. Travelers claims that it became subrogated to those rights when it paid Gibson under the uninsured motorist provisions of the insurance policy issued to Pendelton by virtue of the following contractual provision in the policy:
If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right ...
Smith claims however that Travelers failed to prove that its payment to Gibson was made "under the policy" because the record is devoid of evidence that Gibson was an "insured" under the policy or that Gibson was driving the automobile with Pendelton's permission. We disagree.
There is no dispute that Gloria Gibson was not a named insured in the Travelers policy. However, Travelers paid the claim of Ms. Gibson based on the "Uninsured Motorists Coverage D" section of the policy, which provides in part as follows:
A. We will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury":
1. Sustained by an "insured"; and
2. Caused by an accident.
"Insured" is defined in the coverage as either the named insured or a family member, or any other person "occupying" the covered vehicle. Smith contends that there was insufficient evidence presented at trial that Gibson was occupying the vehicle covered by the Travelers policy.
The record in the instant case contains the Travelers insurance policy which provided coverage to a 1987 Buick owned by Lucius Pendelton. The record also contains a Proof of Loss and Subrogation Agreement which provides that a settlement was paid to Pendelton for damage to a 1987 Buick sustained during an accident on June 11, 1993. Although the trial court awarded subrogation in favor of Travelers for these property damages, Smith did not assign as error the judgment awarding property damages to the subrogee. That portion of the judgment is now final.
In addition, the record contains the deposition testimony of Gloria Gibson. Ms. Gibson stated in her deposition that she was involved in an accident on Chef Menteur Highway on June 11, 1993 at which time she was driving a Buick owned by her husband. Although she did not state the name of her husband, she stated that the driver of the other vehicle involved in the accident was Elbert Smith.
In addition, although Smith did not testify at trial, Smith admitted in his answer that he was involved in an automobile accident on June 11, 1993 on Chef Menteur Highway. Further, defendant in his answer averred as follows:
IX.
This accident was caused by the negligence of Gloria Gibson as it is imputed unto Lucius M. Pendelton and Travelers Insurance Company in the following non-exclusive particulars:
1. Failing to see what she should have seen
2. Failing to keep a proper lookout
3. Failing to keep her vehicle under proper and/or adequate control
4. Striking a stopped vehicle
5. Failure to yield, and
6. All other acts of negligence and omissions as shall be shown at the time of this trial.
X.
Defendant, Elbert D. Smith, Sr., pleads the comparative and/or contributory negligence of Gloria Gibson as it is imputed unto Lucius M. Pendelton and The Travelers Insurance Company in the particulars as recited in the proceeding page.
We find that these allegations that the negligence of Ms. Gibson is imputed to Pendelton *437 constitute a judicial admission by the defendant that Gloria Gibson was occupying the vehicle with which defendant collided. Further, considering Ms. Gibson's deposition testimony that she was driving a Buick owned by her husband and the contents of the insurance policy and subrogation agreement relating to coverage and payment for a Buick owned by Lucius Pendelton, we find ample evidence in the record to support the trial court's conclusion that Ms. Gibson was occupying Pendelton's vehicle at the time of the accident.
Smith next contends that there was insufficient evidence presented that Ms. Gibson was operating the vehicle with the permission of the insured. Smith argues that under these circumstances, there is no coverage for Ms. Gibson's claims under the policy, relying on the following exclusion contained in the subject policy:

Exclusions
We do not provide Uninsured Motorists Coverage for "bodily injury" sustained by any person:

* * * * * *
4. Using a vehicle without a reasonable belief that the person is entitled to do so.
* * * * * *
However, a defendant's answer must set forth any matter constituting an affirmative defense. LSA-C.C.P. arts. 1003 and 1005. Reliance upon an exclusion in an insurance contract is considered to be an affirmative defense, which must be specially pleaded in defendant's answer. In the absence of such a pleading, no proof can be offered in connection with the exclusion. Tudury v. Cooperative Cab Co., 265 So.2d 307, 312 (La.App. 4th Cir.1972); Nippert v. Baton Rouge Railcar Services, Inc., 526 So.2d 824 (La.App. 1 Cir.), writs denied, 530 So.2d 84, 87, 91 (La.1988).
In the present case, defendant's answer does not contain any reference to the above-cited exclusion contained in the subject policy. Defendant did not raise this issue until the conclusion of the trial when he sought a directed verdict, which the trial court denied. Under these circumstances, where the pleadings fail to include this defense, defendant is precluded from offering proof in connection with this exclusion. Accordingly, we find no error of the trial court in finding that Travelers was entitled to subrogation against defendant Smith.[1]
For the reasons stated herein, the judgment of the trial court rendering judgment in favor of plaintiffs Lucius M. Pendelton and Travelers Insurance Company and against defendant Elbert D. Smith, Sr. is affirmed. Our previously rendered opinion in this matter is hereby vacated. Defendant is to bear all costs of this appeal.
AFFIRMED.
PLOTKIN, Judge, dissents with reasons.
PLOTKIN, Judge, dissents with written reasons:
I dissent because the majority, on rehearing, emasculates long-standing principles of law, evidence, and procedure relating to uninsured/underinsured motorist (UM) law and insurer subrogation claims against the tortfeasor. The majority permits recovery by the insurance company against the tortfeasor based on a contractual subrogation agreement and the pleadings, rather than consideration of the evidence presented at *438 trial. The record in this case is devoid of proof that Elbert D. Smith, the tortfeasor, was uninsured or underinsured at the time of the accident, or that Gloria Gibson was driving a insured by a Travelers' insurance policy.
Defendant Smith appeals the portion of a trial court judgment awarding plaintiff Travelers $10,000 against Smith in subrogation of Gibson's personal injury claim. Travelers paid Gibson its $10,000 policy limits under the UM portion of its policy, and claimed a right to subrogation against Smith by virtue of a contractual subrogation provision, which stated as follows:
If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right.
In its original decision, this panel reversed the trial court decision granting Travelers' claim for subrogation against Smith, solely on the basis of Travelers' failure to offer any proof that Smith was either an uninsured or an underinsured motorist at the time of the accident. That proof was necessary in order to prove Travelers' entitlement to subrogation under the above-quoted policy provision.
On application for rehearing, the majority affirms the trial court judgment awarding Travelers subrogation against Smith purely on the basis of its interpretation of the single assignment of error assigned by Smith on appeal, and on the basis of the fact that Smith failed to raise certain issues as affirmative defenses at the trial court level. Moreover, the majority incorrectly finds that allegations made by Smith in answer to Travelers' allegations concerning Smith's sole negligence in causing the action are judicial admissions concerning contested issues, which relieved Travelers of the burden of proving its case at trial.
I view the issues presented by this case very differently. By his sole assignment of error, Smith challenges the trial court's finding "that legal subrogation has occurred in favor of an insurance company who failed to prove that it had a legal obligation to render performance to a party who was not an insured under the terms of the policy in question." The primary issue raised by this assignment of error is the sufficiency of the evidence presented at trial to prove Travelers' subrogation claim. My meticulous review of the evidence convinces me that Trailers simply failed to carry its burden of proof and that the trial court therefore improperly found that Travelers was entitled to the benefits of its legal subrogation clause. The majority opinion compounds the trial court error by relieving Travelers of its burden of proof through a series of tortured interpretations of the applicable law.
First, Travelers failed to prove that its payment to Gibson was made "under the policy" as required by the subrogation clause quoted above. The record is totally devoid of evidence on the following issues: (1) that Gibson was driving a car that was insured under the Travelers' policy in question, (2) that Gibson was an "insured" under the policy, (3) that Gibson was driving the automobile with Pendelton's permission, and (4) that Smith was an uninsured or underinsured motorist. Because Travelers simply failed to meet its burden of proof on necessary elements of its cause of action against Smith, I would find that the trial court improperly granted Travelers' subrogation claim and reverse the trial court judgment.
First, Travelers failed to prove that Gibson was even driving the car which was owned by Pendelton and insured under the Travelers' policy issued in Pendelton's name at the time of the accident. The record evidence is limited to the following items: (1) a copy of a Travelers insurance policy on a 1987 Buick Somerset owned by Lucius M. Pendelton, (2) a copy of the claim for property loss submitted by Pendelton to Travelers, (3) a copy of a "Receipt and Release" for a $10,000 settlement between Travelers and Gibson, signed by Gibson, (4) a copy of Gibson's deposition taken on March 9, 1995, and (5) the transcript of testimony given at trial by Greg Williams, the driver of a truck which struck Gibson's automobile after it was thrown into the other lane when it was struck by Smith's vehicle.
By deposition, Gibson testified that she was driving a "Buick," possibly a "Skylark," *439 which was owned by "her husband," who is not identified; the car owned by Pendelton and insured by the Traveler's policy was a Somerset. Later in her deposition, Gibson testified that she was married in November of 1993, which was some five months after the accident; again, the person she married is not identified. The record contains no evidence to even indicate that Gibson is, or ever has been married, to Pendelton, who is the named insured on the insurance policy under which Travelers paid Gibson. None of the other evidence is pertinent to the issues presented here. None of this evidence indicates that the car driven by Gibson belonged to Pendelton or that the car was insured by Travelers.
Second, Travelers failed to prove that Gibson was an "insured" under the policy in question. Persons considered to be "insured" under the subject policy include the named insured party, an "family member" of the named insured party, and "any other person while `occupying' a covered auto." It is true that such "omnibus clauses" in insurance policies are liberally construed to allow coverage in favor of any person driving an insured automobile with the owner's permission. See Manzella v. Doe, 94-2854 (La. 12/8/95), 664 So.2d 398. Therefore, had Gibson testified that she was married to Pendelton at the time of the accident and that she was driving Pendelton's car, this element would have been proven. However, even the liberal construction due omnibus clauses in automobile insurance policies does not relieve Travelers of the responsibility of proving that Gibson was an "insured" under the policy in the instant case. Travelers' failure to carry its burden on this issue is fatal to its subrogation claim.
Third, Travelers failed to prove that Gibson was driving the automobile with Pendelton's permission. The UM portion of the policy in question excludes from coverage for "bodily injury" damages sustained by any person "using a vehicle without a reasonable belief that the person is entitled to do so." Under the Louisiana jurisprudence, that exclusionary clause is subject to broad construction. See Francois v. Ybarzabal, 483 So.2d 602 (La.1986). However, the broad construction afforded the exclusionary clause does not relieve Travelers of the responsibility to prove that Gibson was actually driving a car that was insured under the policy in question at the time of the accident.
Fourth, as discussed in the original decision, Travelers failed to prove that Smith was an uninsured or underinsured motorist at the time of the accident. In fact the record contains no evidence on this issue whatsoever. Smith did not testify, and Travelers presented no other evidence on this issue. Proof that the motorist who caused the accident is either uninsured or underinsured is absolutely necessary to Travelers' subrogation claim in this case. If Smith was not uninsured or underinsured, Travelers had no responsibility to pay Gibson "under the policy," and thus the subrogation clause has no application.
The majority does not even claim that Travelers properly proved the above issue, nor does the majority claim that the above issues are not necessary elements of Travelers' case against Smith. Rather, the majority glosses over Travelers' failure to prove these four necessary elements of its cause of action with improper, tortured interpretations of two areas of the law: (1) the law on judicial confessions, and (2) the law on affirmative defenses.
First, the majority improperly interprets statements in Smith's answer to Travelers' petition as "judicial admissions" sufficient to relieve Travelers of its burden of proof on the above issues. The basis of this illogical conclusion is Smith's standard statement in his answer that the accident was caused by Gibson's negligence "as it is imputed to Lucius M. Pendelton and Travelers Insurance Company." The majority also cites the fact that Smith pleaded Gibson's comparative negligence "as it is imputed" to Pendelton and Travelers.
Judicial confessions or admissions are governed by La.C.C. art. 1853. Although the majority is correct in holding that a judicial confession or admission relieves the adverse party of its burden of proof on any issue confessed, the majority incorrectly finds that Smith's statements in his answer constituted judicial confessions or admissions. It is well-settled *440 that a judicial confession or admission must be explicit, not merely implied. Hoffman v. Hoffman, 430 So.2d 149 (La.App.2d Cir.1983), interpreting former La.C.C. art. 2291, the forerunner to La.C.C. 1853, which did not change the law. More recent jurisprudence also supports this interpretation. The Louisiana Fifth Circuit Court of Appeal has recently held that a statement may be considered a judicial confession only if it is "an express acknowledgement of adverse fact." Blouin v. Shell Oil Co., 95-89 La.App. 5th Cir. 5/30/95), 656 So.2d 1118, 1122, writ granted, judg't vacated and set aside on other grounds, 95-1623 (La. 10/6/95), 661 So.2d 456. Moreover, in order for a judicial confession to relieve a party of the burden of proof on a necessary issue of its cause of action or defense, either the adverse party must have detrimentally relied on the confession or admission or the adverse party must have been led to believe that the fact admitted was not at issue. Blouin, 656 So.2d at 1122.
Smith's statements in his answer regarding Gibson's negligence and comparative negligence being imputed to Pendelton and Travelers certainly do not constitute "an express acknowledgement of adverse fact." Moreover, the record does not indicate either that Travelers detrimentally relied on Smith's statements or that Travelers was led to believe the above facts were no longer at issue in the case. The fact that Smith admitted that he was involved in an accident with Gibson does not connect that accident to the automobile insured by Travelers' policy, nor does it prove that Gibson was an "insured" under the policy or that she was driving the automobile with Pendelton's permission. In fact, Smith's admission that Gibson was occupying the vehicle with which he collided is not even germane to the issue of whether the vehicle Gibson occupied at the time of the accident was the vehicle covered by the Travelers' policy. Additionally, certainly none of Smith's allegations are sufficient to prove that Smith was an uninsured or underinsured motorist, an issue which is not even addressed in the majority's opinion on rehearing, despite the fact it formed the basis of the original opinion reversing the trial court's judgment.
Second, the majority excuses Travelers' failure to prove these necessary elements of its cause of action by finding that Travelers was relieved of that burden because Smith failed to raise the exclusion in the insurance policy for persons driving the car without the owner's permission as an affirmative defense. However, a close reading of the cases cited by the majority for the proposition that an exclusion in an insurance policy must be pleaded as an affirmative defense reveals that the cases are inapposite to the instant case. Both Nippert v. Baton Rouge Railcar Services, Inc.. 526 So.2d 824 (La.App. 1st Cir.), writs denied, 530 So.2d 84, 87, 91 (La. 1988) and Tudury v. Cooperative Cab Co., 265 So.2d 307, 312 (La.App. 4th Cir.1972) charge an insurer with the responsibility for affirmatively pleading an exclusion in its own insurance policy. The fourth circuit case states specifically that an insurer must plead an exclusion as an affirmative defense. Nothing in either of those cases can be interpreted to place the burden on a tortfeasor who has never seen an insurance policy between a plaintiff insurer and a third party to the lawsuit to affirmatively plead an exclusion in that policy in order to defend against a subrogation claim. The burden of proving that the money paid to Gibson was paid "under the policy" includes the responsibility of proving that the exclusion does not apply. Besides the fact that it has no support in recognized law, the majority's decision on this issue is illogical, impractical, and unfair. Moreover, even if the majority were correct about the exclusion, Travelers still failed to prove the other three elements listed above.
In short, the record evidence in this case is simply insufficient to meet Travelers' burden of proof. Travelers filed suit to recover under its own subrogation clause. As plaintiff in the suit, Travelers had the responsibility of proving that it is entitled to subrogation because it paid money to Gibson "under the policy." In order to meet that initial burden of proof, Travelers was required, at a minimum, to present evidence to prove by a preponderance of the evidence that Gibson was driving a car insured under a Travelers' policy at the time of the accident, that she was an "insured" under the policy, that she *441 was driving the automobile with Pendelton's permission, and that Smith was an uninsured or underinsured motorist. Travelers failed to prove any of those necessary elements. This case is much more complicated that the majority indicates. It does not involve a simple decision concerning a different interpretation of facts, but rather involves important substantive issues of law which are neither properly explained nor properly interpreted by the majority. Travelers failed to carry the burden of proving its case and therefore is not entitled to recover under the policy.
Accordingly, I would deny the application for rehearing and reaffirm the original decision reversing the trial court judgment.
NOTES
[1] Although in our earlier opinion we addressed the issue of the lack of evidence offered at trial regarding Smith's uninsured status, this issue was not assigned as error by appellant, nor was it argued in brief. Defendant contends in his brief in opposition to the application for rehearing that his sole assignment of error included this claim. On further review, we find this claim was not specifically assigned. Nevertheless, Rule 2-12.4, Uniform Rules of Louisiana Courts of Appeal states that the court may consider as abandoned any specification or assignment of error that has not been briefed.

The Travelers policy issued to Pendelton contained uninsured motorist coverage, and Travelers made payment to Ms. Gibson pursuant to these provisions. A claim that Smith was not uninsured under the terms of the policy defeats plaintiffs' demand on the merits, and is therefore an affirmative defense which must have been raised in the defendant's pleadings. A review of the record indicates that this issue was not raised by defendant in his answer or at any other time, and defendant is therefore precluded from relying on this defense. To the extent we held otherwise in our earlier opinion, that holding is in error.