12D ALE Y, Judge.
This subrogation matter between Governmental Employees Insurance Company (GEICO) and State Farm Mutual Automobile Insurance Company (State Farm) arises out of an automobile accident on February 4, 1990. After various settlements, not at issue here, the matter proceeded to trial between GEICO, as both collision insurer and under-insured motorist insurer of the injured party (Susan Markovich), and State Farm, whose policy allegedly provided coverage to the tortfeasor (Bridgette Stauder). The trial court ruled in favor of State Farm, finding that its policy did not provide coverage to Stauder, and thus GEICO’s subrogation claim was dismissed. We affirm.
Susan Markovich, GEICO’s insured (liability, collision, and UM coverage), was driving a Chevrolet van on Veterans Boulevard in Jefferson Parish when it was struck by a 1989 Hyundai automobile driven by Bridgette Stauder and owned by Tamantha Grimaldi. Markovich sustained bodily injury and her van was damaged. | gThe Hyundai and Gri-maldi were insured for liability coverage with Fidelity Fire & Casualty Insurance Company (who was succeeded by LIGA after Fidelity was placed in liquidation on September 4, 1991). Stauder was a named insured under a policy with State Farm issued to her father, Conrad Stauder.
On October 10,1995, at a scheduled trial of this matter, agreement was reached whereby State Farm would pay GEICO’s subrogated property damage loss claim[1] in the sum of $10,000.00 and would also pay GEICO’s $15,-000.00 settlement of Markovich’s bodily injury claim, if the trial court found that State Farm provided coverage for Stauder’s opera *192 tion of Grimaldi’s car. At issue for coverage was an exclusion in the State Farm policy’s definition of a “non-owned vehicle.”
On November 30,1995, the Court rendered judgment in favor of State Farm and against GEICO, finding that the amount of Stauder’s use of Grimaldi’s vehicle brought her within the exclusion in the State Farm policy of use of a “non-owned vehicle,” and thus State Farm did not provide coverage. From this judgment, GEICO has appealed. On appeal, GEICO argues that 1) State Farm failed to prove its affirmative defense of no coverage; 2) the trial court’s interpretation of the policy exclusion was manifestly erroneous, or alternatively, that the trial court erred in failing to find the exclusion’s language vague and/or ambiguous; and 3) the trial court’s interpretation of the exclusionary language is contrary to the public policy stated in LSA-R.S. 32: 851 et seq; and 4) that the evidence does not support the trial court's finding that Stauder’s use of the Grimaldi vehicle fell within the exclusion in State Farm’s policy.
| .¡First, GEICO argues that because State Farm did not introduce its policy into evidence, State Farm failed to prove the existence of the exclusion in its policy and, therefore, failed to prove that coverage did not exist. Also, GEICO charges that State Farm did not raise the affirmative defense of an exclusion in any of the answers State Farm filed in this suit and, therefore, State Farm was precluded from presenting evidence on the exclusion.
State Farm counters that GEICO should have introduced the policy, because GEICO, in order to prevail in the subrogation, had the burden of proving that a State Farm policy existed that provided coverage to Stauder. They also argue that the evidence fully supports the trial court’s factual findings.
Regarding GEICO’s complaint that State Farm failed to introduce its policy, the record shows that State Farm admitted that it issued a liability policy to Conrad Stauder (Bridgette’s father) on which' Bridgette was a named insured. It also attached this policy to both its pretrial and posttrial briefs. The policy is listed in State Farm’s pretrial order as a trial exhibit. At trial, the parties' read into the record their stipulation that State Farm would pay GEICO stipulated amounts if the court found coverage for Stauder at the time of this accident or loss under the State Farm policy. These actions by State Farm prove the existence of the policy.
GEICO (as plaintiff in subrogation), in its post trial brief, offers into evidence the State Farm policy which the latter attached to its post trial brief[2]. As such, we find the existence' of the policy, and its contents, to have been uncontested facts in this trial, and under these circumstances, we find no reversible error in State Farm’s failure to introduce the policy into evidence, and find no need to remand for its 15introduction. See Blanchard v. Means Industries, Inc., 93-715 (La. App. 5 Cir. 3/16/94), 635 So.2d 288.
Second, in brief, GEICO argues that State Farm did not raise the affirmative defense of an exclusion in any answer it filed in this suit, and thus they are precluded from presenting any proof of the applicability of the exclusion. Nippert v. Baton Rouge Railcar Services, Inc., 526 So.2d 824 (La.App. 1 Cir.1988). GEICO’s statement of law is correct. However, GEICO did not object at the trial of this matter to State Farm’s presentation of this testimony and evidence. Moreover, the record as a whole shows that GEI-CO had knowledge of State Farm’s defense and was fully prepared to meet that defense. Therefore, this assignment of error has no merit.
Next, GEICO contends that the trial court's interpretation of the policy exclusion was manifestly erroneous, or alternatively, that the trial court erred in failing to find the exclusion’s language vague and/or ambiguous.
The State Farm policy, on page six, defines the extent of liability coverage.
The liability coverage extends to the use, by an insured, of a newly acquired car, a *193 temporary substitute car or a non-owned car. '
The exclusion is contained in Amendatory Endorsement 6025B, which reads:
Non-owned car—means a car not owned by or registered or leased in the name of:
(1) you, your spouse;
(2) any relative unless at the time of the accident or loss:
(a) the car is or has been described on the declarations page of a liability policy within the preceding 30 days; and
(b) you, your spouse or a relative who does not own or lease such car is the driver.
(3) any other person residing in the same household as you, your spouse or any relative; or
(4) an employer of you, your spouse or any relative.
Non-owned car does not include a car:
(1) which is not in the lawful possession of the person operating it; or
(2) which has been operated by', rented by or in the possession of an instired during any part of each of the preceding 21 days; or
lo(3) operated by an insured who has operated or rented any car otherwise qualifying as a non-owned car during any part of more than 45 days in the 365 days preceding the date of the accident or loss.
Specifically, GEICO argues that the exclusion could function to deny coverage to Stau-der while driving any automobile once she has driven another (different) nonowned automobile 45 days or more within the last 365 days.
The evidence shows that the Grimaldi vehicle was both the vehicle Stauder allegedly drove in excess of the exclusion, and the vehicle which she was driving at the time of the accident or loss. We agree with the trial court that the exclusion clearly was designed to preclude coverage in this exact situation. We need not reach a determination of whether the exclusion would apply in GEICO’s hypothetical situation, because that factual situation was not before the trial court.
GEICO argues next that the exclusion is contrary to the public policy stated in the omnibus coverage clause of the Motor Vehicle Safety Responsibility Law, LSA-R.S. 32:851 et seq. However, omnibus coverage applies only to covered vehicles. Omnibus coverage is not required for vehicles not named in the policy. Leflore v. Cobum, 95-0690 (La.App. 4 Cir. 12/28/95), 665 So.2d 1323. An automobile liability insurer is not required to provide blanket coverage for all nonowned vehicles that an insured may drive, and may reasonably limit coverage for non-owned vehicles without violating public policy. Parker v. American Guaranty & Liability Ins. Co., 93-1556 (La.App. 1 Cir. 5/20/94), 637 So.2d 788.
Finally, GEICO argues that the trial judge committed manifest error when he found a sufficient factual basis for the application of the exclusion.
At the trial, Stauder testified that her use of Grimaldi’s automobile did not exceed one or two times per week. She also testified that she did not stay with |7Grimaldi more than two or three times per week from November of 1989 to February, 1990. However, her trial testimony differed significantly from her pretrial deposition and her previous oral recorded statement she gave to State Farm. In the deposition, which State Farm’s counsel used to impeach her trial testimony, Stauder testified that she had stayed with Grimaldi at least three to four nights per week, keeping clothing at her apartment. She drove the car at least three to four times per week, taking Grimaldi to and from work and performing errands for Grimaldi and herself, such as paying bills. Stauder testified that Grimaldi always left the car keys on a table by the door, and had never restricted her use of the car. At trial, Stauder admitted that her deposition was taken close to the happening of the accident and that her recollection at that time was more accurate than at trial.
Stauder’s recorded statement to State Farm, taken July 20, 1990, does not differ substantially from Stauder’s deposition testimony.
*194 Grimaldi testified that she had not extended blanket permission to Stauder to use the automobile. However, she admitted she never stopped Stauder from using the car, nor complained after she discovered Stauder had used the car. However, Stauder contradicted Grimaldi’s testimony, and said that she had given her permission to use the car.
The trial court had to determine the credibility of the witnesses, and a judgment based upon the trial court’s decision of credibility will not be disturbed on appeal absent manifest error or an abuse of discretion. Considering the effective impeachment of Stauder’s trial testimony, we cannot say the trial court was clearly wrong in making the factual finding that Stauder’s use of the Grimaldi vehicle was for more than 45 days within the 365 days preceding the accident, triggering the application of the policy’s exclusion regarding nonowned vehicles.
IsAccordingly, we affirm the judgment of the trial court. All costs of this appeal are taxed to appellant GEICO.
AFFIRMED.

. At the time of Fidelity's liquidation, LSA-R.S. 22:1375 required all claimants under the primary insurance (under liquidation) to exhaust all other available insurance before a claim could be made against LIGA. Because Fidelity was placed in liquidation, GEICO no longer had a viable subrogation claim against it.

. State Farm's policy is contained in the record twice: attached to their pre-trial brief and attached to their post trial brief.