JaSCHOTT, Chief Judge.
Plaintiff, Everett Washington, has appealed from a judgment dismissing his suit against State Farm Mutual Automobile Insurance Company on a motion for a directed verdict. The issue is whether the plaintiff had the burden of proving that the driver of the automobile in which plaintiff was a passenger had the permission of the automobile’s owner to use the automobile so as to qualify as an insured under State Farm’s policy. We affirm.
Plaintiff alleged in his petition that he was a front seat passenger in a Toyota automobile, owned by Theodore Wilson and being operated by Shatter Robin, when the vehicle was involved in an accident; that Robin was driving negligently and he lost control of the vehicle causing it to flip over several times and land on its side. Plaintiff filed suit against Robin, Wilson and State Farm, Wilson’s insurer. Robin and Wilson were never served with notice of the suit. At the close of plaintiffs case, State Farm moved for a directed verdict, arguing that plaintiff failed to meet his burden of proving that Wilson, the owner of the vehicle and named insured under State Farm’s policy, had given the alleged operator, Robin, permission to use the vehicle. The trial court granted State Farm’s motion, and plaintiff has appealed.
Plaintiff was the only witness at the trial. He testified that he met Robin at a wedding reception and they decided to go to a private party following the reception. He and several other persons left in the vehicle with Robin driving Rand plaintiff, a passenger in the right front seat. As he was driving along the expressway at about 65 miles per hour a car cut in front of them and their car flipped over when Robin tried to avoid contact with the other car. Despite plaintiffs allegations in his petition of Robin’s negligence, he testi-fled that Robin was not driving in an unsafe manner. As a result of the accident, Terrell Reed, another passenger, was thrown from the vehicle and was severely injured. A man named “Peanut” stopped at the scene and brought Reed and plaintiff to Charity Hospital. Plaintiff, however, did not seek any treatment there. As to the ownership of the car, plaintiff testified that he did not know Wilson, had never met him and did not know that he owned the car until Robin told him. He thought Robin knew Wilson, but he did not know how they knew each other.
The parties stipulated that the investigating police officer, if called would testify as to the contents of the police report was placed in evidence. According to the report, the accident occurred at 12:30 a.m. The police were notified of the accident at 12:38 a.m. and were at the scene at 12:49 a.m. The report lists only two occupants in the vehicle, Terrell Reed and Kenneth Payne, however, it does not list plaintiff as an occupant. (Plaintiff had testified there were “about seven” people in the vehicle before the accident and he identified them as Kenneth, Terrell, Terrence, Marvin, Lonnie, Robin and himself.) In addition, the report lists Theodore Wilson as the owner of the vehicle but lists the driver of the vehicle as “UNKNOWN.” According to a statement given to the police at the scene by a witness to the accident, immediately after the accident she saw the driver and several other passengers exit the car, enter another vehicle and leave the scene. The report further states that the police officer left the scene and went to Charity Hospital where he spoke to Terrell Reed and Kenneth Payne, and both stated they were passengers in the vehicle |4but they did not recall what had happened and did not know the driver of the vehicle.
Plaintiff testified that he did not speak to the police officer at the accident scene, because the officer was not there when he left, that he did not see a policeman at Charity Hospital, and he made no attempt to contact the police to tell them that he was involved in the accident.
At the conclusion of the trial, in ruling on State Farm’s motion for a directed verdict, *362 the trial judge noted that the court had “only the plaintiffs testimony that he was in fact a passenger in the vehicle at the time of the accident.” This statement shows that the trial court was not favorably impressed with the testimony of the plaintiff who was the only witness other than the police officer’s testimony by stipulation. From our own review of the record we not only share the trial court’s skepticism about plaintiffs testimony, but we could conclude that he failed to prove even the basic elements of his case regarding the accident itself.
Nevertheless, the trial court’s expressed reason for dismissing plaintiffs case was his failure to prove that Wilson had given Robin permission to drive the vehicle such that State Farm provided coverage. In this court plaintiff argues that the trial court erred in ruling that he had the burden of proving that the driver of the vehicle in which he was a passenger had the owner’s permission to use it.
The policy contains the usual omnibus coverage clause defining an insured to mean a person using the insured car if its use is within the scope of the consent of the named insured. The plaintiff has the burden of proving the fact of initial use with the express or implied permission of the insured to make coverage effective under the omnibus clause; and the fact of initial permission must be proved by a preponderance of the evidence without the aid of any ^presumptions. Manzella v. Doe, 94-2854 (La.12/8/95), 664 So.2d 398. Although this clearly supports the judgment of the trial court, plaintiff argues for an opposite result on the basis of Pendleton v. Smith, 95-1805 (La.App. 4 Cir. 5/8/96), 674 So.2d 434.
That case is clearly distinguishable. Plaintiff was a subrogated insurer which had paid damages to Gibson who was operating Pen-dleton’s car when the accident occurred. In response, to the insurer’s suit, Smith, the defendant, invoked an exclusion in the policy for a person using the insured vehicle “without a reasonable belief that the person is entitled to do so.” The court held that reliance upon an exclusion in a policy is considered to be an affirmative defense which must be pled and proven by the defendant. The present case does not involve an exclusion. It involves the question of whether plaintiffs use of the vehicle was covered under the policy. Manzella clearly placed the burden on plaintiff to prove this. Even if Pendleton could be construed to support the opposite result, as a judgment of this court it could not supercede the judgment of the Supreme Court in Manzella.
Accordingly, the judgment appealed from is affirmed.

AFFIRMED.