987 So.2d 355 (2008)
ROYAL CLOUD NINE, L.L.C.
v.
LAFAYETTE INSURANCE COMPANY.
No. 2008-CA-0034.
Court of Appeal of Louisiana, Fourth Circuit.
June 11, 2008.
*356 James M. Garner, Darnell Bludworth, Ellen Pivach Dunbar, Sher Garner Cahill Richter Klein & Hilbert, L.L.C., New Orleans, Louisiana, for Plaintiff/Appellee.
Howard B. Kaplan, Bernard, Cassisa, Elliott & Davis, A PLC, Metairie, Louisiana, Raymond A. Pelleteri, Jr., Pelleteri & Wiedorn, L.L.C., New Orleans, Louisiana, for Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
*357 JAMES F. McKAY III, Judge.
During Hurricane Katrina, the Latrobe's building located at 401-405 Royal Street in New Orleans and owned by Royal Cloud Nine, L.L.C. was damaged by the storm. The structure is on the National Register of Historic Places and is rated "purple" on the Vieux Carre Commission's Architectural & Historical rating system; purple is the highest ranking.
Lafayette Insurance Company (Lafayette), Royal Cloud's insurer, received notice of the loss on September 26, 2005. On September 27, 2005, the claim was assigned to Property Loss Consulting (PLC) for independent adjusting. However, the PLC adjuster, David Cushing, did not actually receive the claim until December 10, 2005. Mr. Cushing inspected the property on December 10 and 14, 2005. In February of 2006, Mr. Cushing retained Gary Boyd of Boyd, Inc. to inspect and prepare estimates of the damaged roof. Mr. Boyd prepared two estimates, one for repair totaling $138,645.30 and one for replacement totaling $180,159.88. These were forwarded to Lafayette but Lafayette chose to disregard these estimates. On March 6, 2006, Carter Auslander, the public adjuster retained by Royal Cloud, tendered to Mr. Cushing an initial estimate of damage to the building totaling $441,557.31, including a roofing estimate prepared by Angelo Farrell Construction Co., L.L.C., totaling $247,740.00 for replacement of the roof with gray slate. Mr. Cushing included Mr. Auslander's estimate with his second report presented to Lafayette on March 21, 2006. Mr. Cushing also included his own estimate for damages to the building which totaled $189,680.11. Despite having received these estimates, Lafayette did not tender any payment to Royal Cloud.
On April 21, 2006, Mr. Auslander presented Mr. Cushing a revised roofing estimate prepared by Mr. Farrell, totaling $304,140.00, reflecting the increase in cost for labor and materials following Katrina. On May 10, 2006, Lafayette retained Gerald Lehman of Slidell Re-roofing Company to re-inspect the roof. Mr. Lehman prepared a roofing estimate for gray slate totaling only $5,500.00. On June 2, 2006, Carter Auslander tendered to Lafayette a revised estimate of the damages to the Latrobe building totaling $487,723.00 along with a letter from the Vieux Carre Commission discussing the requirement to replace roofs of historical buildings with special materials, including genuine slate. On June 27, 2006, Lafayette tendered payment of $61,403.00 as "settlement" of Royal Cloud's claims.
Royal Cloud filed suit against Lafayette. A bench trial was held on February 8, 2007 and the trial court ruled primarily in Royal Cloud's favor and against Lafayette. The trial court awarded Royal Cloud the replacement cost of repairing the interior and exterior damage to the building in the amount of $129,029.60, plus all applicable judicial interest. The trial court also awarded Royal Cloud the replacement cost of the roof in the amount of $304,140.00, plus all applicable judicial interest. Further pursuant to the amended version of La. R.S. 22:658(A)(1), the trial court held Lafayette liable to Royal Cloud in the amount of $247,784.80, plus all applicable judicial interest, for failure to render payment within thirty days of receipt of proof of loss, and in the amount of $111,727.33, plus all applicable judicial interest, for all reasonable attorney fees and costs incurred in the litigation. Following trial, Lafayette tendered Royal Cloud $545,734.12 as payment for the damages awarded by the trial court with legal interesthowever, this payment included only a 25% penalty and did not include attorney fees.
*358 Lafayette now appeals the trial court's judgment and Royal Cloud has answered the appeal.
On appeal, Lafayette raises the following assignments of error: 1) the trial court committed legal error in retroactively applying La. R.S. 22:658 to award 50% penalties; 2) the trial court committed legal error in awarding attorney fees under La. R.S. 22:658 and La. C.C. art. 1997; 3) the trial court committed legal error in not giving Lafayette a credit for the deductible of $25,000.00; and 4) the trial court committed legal error in awarding legal interest on penalties and attorney fees from date of judicial demand. In its assignments of error, Royal Cloud contends: 1) the trial court erred in holding that Lafayette is not liable for the increased cost to replace the roof of the Latrobe building with natural slate; and 2) Royal Cloud Nine is entitled to additional attorneys' fees incurred in defending Lafayette's appeal of the trial court's March 21, 2007 and October 17, 2007 judgments.
In its first assignment of error, Lafayette asserts that the trial court committed legal error in retroactively applying La. R.S. 22:658 to award penalties of $247,784.80. At the time this matter was tried, neither this Court nor the Louisiana Supreme Court had decided this precise issue under Hurricane Katrina related facts. However, the issue has since been addressed. In Best v. State Farm Fire & Cas. Co., XXXX-XXXX (La.App. 4 Cir. 10/10/07), 969 So.2d 671, this Court found that La. R.S. 22:658 cannot be applied retroactively. In Sher v. Lafayette Insurance Company, 2007-2441 (La.4/8/08), ___ So.2d ___, 2008 WL 928486, both this Court and the Louisiana Supreme Court found that the statute in effect at the time of the loss must be applied and refused to retroactively apply the amendments to La. R.S. 22:658. Because Royal Cloud's cause of action arose before the effective date of the amendments to La. R.S. 22:658, the penalties awarded by the trial court should be limited to 25% rather than the 50% awarded by the trial court. Accordingly, we reduce the trial court's award of penalties to $123,892.40.
In its second assignment of error, Lafayette asserts that the trial court was wrong to award attorney fees because neither La. R.S. 22:658 nor Louisiana Civil Code Article 1997 allow attorney fees. The well established rule in Louisiana is that attorney fees may be recovered only when authorized by statute or contract. Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970); see also La. R.S. 22:1220. Civil Code Article 1997 does not authorize the recovery of attorney fees in this situation. Article 1997 merely provides that an "obligor in bad faith is liable for all of the damages, foreseeable or not, that are a direct consequence of his failure to perform." At the time plaintiff's cause of action arose, La. R.S. 22:658 did not allow for attorney fees. For the same reasons that the trial court was wrong to award 50% penalties, the trial court was wrong to retroactively apply the amended version of La. R.S. 22:658 to allow for attorney fees. Accordingly, the trial court erred in awarding attorney fees.
In its third assignment of error, Lafayette contends that the trial court erred in not allowing it a credit for the deductible. The trial court awarded damages of $433,169.00. However, the Lafayette policy contained a $25,000.00 deductible for property damage. Clearly, the trial court erred in not allowing Lafayette a credit of $25,000 for the deductible in the policy.
In its fourth assignment of error, Lafayette contends that the trial court erred in awarding legal interest on penalties *359 and attorney fees from the date of judicial demand. As stated above, the trial court erred in awarding penalties of 50% and attorney fees. Accordingly, there can be no legal interest taxed upon these. However, on the penalties of 25% that Royal Cloud is entitled to, legal interest should be taxed from the date of judgment. Sher v. Lafayette Insurance Company, supra; Becnel v. Lafayette Ins. Co., 99-2966 (La.App. 4 Cir. 11/15/00), 773 So.2d 247.
In its first assignment of error, Royal Cloud contends that the trial court erroneously failed to find Lafayette liable for the increased cost ($62,400.00) of replacing the roof with natural slate. On February 7, 2007, the plaintiff's expert presented an estimate for replacing the roof with "purple" slate. The Vieux Carre Commission requires that the roofs of purple-rated structures be replaced with natural slate as opposed to materials of lesser quality. The Lafayette policy provides for the replacement costs in "the amount you actually spend that is necessary to repair or replace the lost or damaged property."
At trial, Lafayette argued that the Ordinance or Law exclusion in its policy precludes replacement cost coverage of the roof. Lafayette, however, failed to plead this exclusion or any other policy provision as a defense to coverage in its answer. Louisiana Code of Civil Procedure Article 1005 provides that a defendant's answer must affirmatively set forth all affirmative defenses. In Dixie Savings and Loan Assoc. v. Pitre, 99-154 (La.App. 5 Cir. 7/27/99), 751 So.2d 911, the Fifth Circuit addressed this exact issue and held that no proof could be offered in connection with the proposed affirmative defense because the defendant failed to specifically plead the affirmative defense at issue. Regarding an insurance policy, this Court has held "where the pleadings fail to include this defense, defendant is precluded from offering proof in connection with this exclusion." Pendleton v. Smith, 95-1805 (La.App. 4 Cir.1996), 674 So.2d 434, 437.
In any event, Royal Cloud's roof damage resulted from Hurricane Katrina not the Vieux Carre Commission requirement. In Haas v. Audubon Indemnity Co., 98-565 (La.App. 3 Cir. 10/21/98), 722 So.2d 1022, thieves broke into the insured property, removing pipes and wires while the building's water valve was shut off. When the water was turned back on, it flooded the building, damaging walls, flooring and the property's duct system. As a result, the flooring, which contained asbestos, required replacement. The defendant insurance company argued that the "Ordinance or Law" exclusion within its policy excluded the cost of compliance with asbestos regulations governing the disposal of asbestos materials. The Court rejected this argument, holding that the cost of asbestos abatement was necessary because of the vandalism, not because of the enforcement of an ordinance or law. Similarly, Hurricane Katrina caused the damage to the roof of the Latrobe building, not the enforcement of the Vieux Carre Commission requirements. Accordingly, Royal Cloud should be awarded an additional $62,400.00 to replace the roof with "purple" slate.
Royal Cloud also asks for additional attorney fees and costs associated with this appeal. We will not award any additional attorney fees or costs on appeal. Each party is responsible for its own costs and attorney fees associated with this appeal.
For the foregoing reasons, the trial court's judgment is amended as follows: penalties awarded under La. R.S. 22:658 are reduced from 50% to 25%; attorney fees should not have been awarded under La. R.S. 22:658 or La. C.C. art. 1997; Lafayette is given a credit for the *360 $25,000.00 deductible; on the penalties of 25%, Royal Cloud is entitled to legal interest from the date of judgment; and Royal Cloud is awarded an additional $62,400 for a "purple" roof. In all other respects, the judgment of the trial court is affirmed.
AFFIRMED AS AMENDED.